IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| Jiyeon Kim, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER DENYING MOTION** |
| | ) | **TO VACATE SENTENCE** |
| vs. | ) | **UNDER 28 U.S.C. § 2255** |
| | ) | |
| United States of America, | ) | Criminal No. 3:07-cr-31 |
| | ) | Criminal No. 3:07-cr-49 |
| Respondent. | ) | |
| | ) | |

Before the Court is Petitioner Jiyeon Kim's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. #265).

**FACTUAL BACKGROUND**

On March 21, 2007, a grand jury indicted Kim on two counts relating to distribution of a controlled substance. Count one charged her with conspiracy to possess with intent to distribute and distribute a controlled substance in violation of 21 U.S.C. § 846. Count two charged her with engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. Additionally, on June 5, 2007, the United States filed an information charging Kim with money laundering conspiracy to conceal and disguise nature, location, ownership, and control of proceeds of specified unlawful activity in violation of 18 U.S.C. § 1956(h).

Kim eventually reached a plea agreement with the United States and requested that the matter be set on for a change of plea hearing. On June 5, 2007, Kim appeared before the Court and entered a plea of guilty to counts one and two of the indictment and to the information. On May 16, 2008, the Court sentenced her to 252 months imprisonment and 5 years of supervised release.

1

Kim has now timely filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. Kim essentially makes two claims for relief. She claims ineffective assistance of counsel based on her attorney failing to file any motions on her behalf. She also claims ineffective assistance of counsel for allowing her to be given "kingpin" status without any argument.

## DISCUSSION

As part of her plea agreement, Kim waived her right to bring a motion under 28 U.S.C. § 2255 "except in the case of ineffective assistance of counsel." Plea Agreement ¶ 23. Kim claims her attorney was ineffectual for failing to file any motions on her behalf and for failing to argue against her "kingpin" title at sentencing. Therefore, Kim has not waived the claims she raises in her motion, insofar as they are claims of ineffective assistance of counsel, and the Court must consider the arguments on their merits.

A petitioner is entitled to an evidentiary hearing on her § 2255 petition unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Watson v. United States, 493 F.3d 960, 963 (8th Cir. 2007) (quoting 28 U.S.C. § 2255(b)). A district court does not err in dismissing a petitioner's motion under § 2255 without a hearing if: (1) the petitioner's allegations, accepted as true, would not entitle her to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. Buster v. United States, 447 F.3d 1130, 1132 (8th Cir. 2006). A petitioner moving for post-conviction relief on the grounds of ineffective assistance of counsel "faces a heavy burden." Deroo v. United States, 223 F.3d 919, 925 (8th Cir. 2000). To show ineffective assistance of counsel, the petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness; and (2) counsel's deficient

performance prejudiced the defendant. Keys v. United States., 545 F.3d 644, 648 (8th Cir. 2008). The Court will address, in turn, the claims for relief set forth in the motion.

### I. Ineffective Assistance of Counsel for Failing to File Any Pretrial Motions

Kim claims that her counsel was ineffective for failing to file any pretrial motions on her behalf. Failure to file a pretrial motion is not per se ineffective assistance of counsel. Kimmelman v. Morrison, 477 U.S. 365, 384 (1986). Furthermore, failure to make a pretrial motion is not ineffective assistance of counsel if there is not a reasonable probability of success. White v. Helling, 194 F.3d 937, 942 (8th Cir. 1999). "Judicial scrutiny of counsel's performance is highly deferential, indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." Armstrong v. Kemna, 534 F.3d 857, 863 (8th Cir. 2007) (quoting Strickland v. Washington, 466 U.S. 668, 689 (1984)).

In her petition, Kim has not alleged any particular pretrial motions her counsel should have filed, nor has she demonstrated a reasonable probability of success of any such motion. Thus, she has not overcome the strong presumption that counsel's conduct was reasonable. Additionally, Kim has not stated any facts showing how counsel's failure to file pretrial motions prejudiced her. She has made no showing that her situation would be different if counsel had filed pretrial motions. Therefore, even if counsel was deficient for failing to file a pretrial motion, Kim has not established the prejudice element required to sustain an ineffective assistance of counsel claim. For the foregoing reasons, Kim's claim for relief based on ineffective counsel for failure to file pretrial motions is DENIED.

**II. Ineffective Assistance of Counsel for Failure to Argue Against "Kingpin" Status**

Kim also claims her counsel was ineffective because he did not argue against "kingpin" status for her sentencing. Kim acknowledged in her plea agreement that she was an organizer, supervisor, and manager of at least five other persons, and that she was involved in a continuing criminal enterprise involving at least 15,000 grams of a mixture and substance containing a detectable amount of methamphetamine. Plea Agreement ¶ 6. During the change of plea hearing, the United States provided a factual basis that included classifying her as a leader of the conspiracy. COP Tr. 36, June 5, 2007. The Court then asked Kim if the factual basis the United States presented was correct, and she responded affirmatively. COP Tr. 37. Kim's representations during the change of plea hearing "carry a strong presumption of verity and pose a formidable barrier in any subsequent collateral proceedings." Nguyen v. United States, 114 F.3d 699, 703 (8th Cir. 1997); see also Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990) ("Solemn declarations in open court carry a strong presumption of verity."). Furthermore, during her sentencing hearing, Kim's attorney represented that she acknowledged her role as one of the leaders in the conspiracy. Her agreement as to her role gave counsel no reason to object to her classification as a leader and organizer of the conspiracy. Because of her admissions, any objection to "kingpin" status would have been futile, and counsel is not deficient for failing to make a futile objection. Woodall v. United States, 72 F.3d 77, 80 (8th Cir. 1995); see also Cook v. United States, 310 Fed. Appx. 932, 934 (8th Cir. 2009).

Even if counsel's performance was somehow deficient, the second prong of the test, in the context of a guilty plea, requires a reasonable probability that petitioner would have insisted on going to trial but for counsel's errors. United States v. Davis, 508 F.3d 461, 463 (8th Cir. 2007). Kim made the following sworn statements during her change of plea hearing:

(1) She understood the trial process and the government's burden of proof as the Court explained it.

(2) She had the opportunity to ask her attorney questions about the indictment and the charges against her, and when she was done she felt like she understood the indictment.

(3) She gave permission to her attorney to talk to the United States about trying to settle this case without a trial. Her attorney then returned with a plea agreement.

(4) She read and reviewed the plea agreement with her attorney, and her attorney answered any questions she had about the agreement.

(5) She was going to plead guilty because she was in fact guilty of the crimes.

(6) She understood the rights she was giving up, including the right to appeal, the right to any trial, the right to the government proving her guilt beyond a reasonable doubt, the right to be free from self-incrimination, the right to remain silent, and the right to call, confront, and cross-examine witnesses.

(7) She wanted the Court to accept the plea agreement, and the agreement was made of her own free will.

These statements under oath carry a strong presumption of verity, and Kim acknowledged, both at the change of plea hearing and in the plea agreement itself, that she was pleading guilty because she was in fact guilty of the crime. Additionally, she stated that she wanted counsel to pursue a plea agreement, and that she wanted the Court to accept the agreement. This Court presided over Kim's change of plea hearing and, after assessing her credibility, found at that time that her guilty plea was knowing and voluntary. After careful review of the record in this case, the Court remains convinced that Kim's guilty plea was knowing, voluntary, and well-advised by

counsel. The Court concludes there is not a reasonable probability that Kim would have insisted on proceeding to trial if she would have known that counsel would not object to "kingpin" status at sentencing. Kim's claim for relief based on ineffective counsel for failure to object to "kingpin" status is DENIED.

Thus, Kim has failed to carry the heavy burden of showing ineffective assistance of counsel. Because Kim is conclusively entitled to no relief based on the files and records of this case, no evidentiary hearing is warranted.

## DECISION

For all the foregoing reasons, the Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**. It is **ORDERED** that judgment is entered for the United States and against Petitioner Jiyeon Kim, and that Kim's motion under 28 U.S.C. § 2255 is **DISMISSED** with prejudice.

The Court certifies that an appeal from the dismissal of this action may not be taken in forma pauperis because such an appeal would be frivolous and cannot be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Court finds that Kim has failed to make a substantial showing of the denial of a constitutional right, and the issues presented in this case are inadequate to deserve further consideration. See Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). Therefore, the Court will not issue a certificate of appealability.

If Kim desires further review of her Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, she may request the issuance of a certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with Tiedeman v. Benson, 122 F.3d 518, 520-22 (8th Cir. 1997)

**IT IS SO ORDERED.**

Dated this 15th day of July, 2009.

                                                  /s/   Ralph R. Erickson
                                        Ralph R. Erickson, District Judge
                                        United States District Court